IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| SCRIPSAMERICA, INC.,[1] | Case No. 16-11991 (LSS) |
| Debtor. | Hearing Date: November 3, 2016 at 1:30 P.M. ET<br>Obj. Deadline: October 24, 2016 at 4:00 P.M. ET |

**DEBTOR'S MOTION FOR AN EXTENSION OF TIME TO FILE
INITIAL REPORT OF FINANCIAL INFORMATION ON ENTITIES IN WHICH THE
ESTATE HOLDS A CONTROLLING OR SUBSTANTIAL INTEREST PURSUANT TO
11 U.S.C. § 105 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE
2015.3 AND 9006**

ScripsAmerica, Inc., the above-captioned debtor and debtor in possession (the "Debtor" or "Scrips"), hereby moves (the "Motion") for entry of an order extending the time within which the Debtor must file its its initial report on entities in which it holds a controlling or substantial interest (the "Report") pursuant to section 105 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), and rules 2015.3 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are 8594.  The location of the Debtor's corporate headquarters is 1094 Main Avenue, Suite A, Clifton, NJ  07011.

3. The predicates for the relief sought herein are section 105 of the Bankruptcy Code and Bankruptcy Rules 2015.3 and 9006.

## BACKGROUND

4. On September 7, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 case. The Debtor continues to possess its assets and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in the Debtor's case. Further, an official committee of unsecured creditors has not been appointed in the Debtor's case.

6. The *Declaration of Brian Ettinger in Support of the Debtor's Initial Filings* [Docket No. 3] is incorporated herein by reference.

7. Pursuant to Bankruptcy Rule 2015.3(b), the Debtor's initial report on entities in which it holds a substantial or controlling interest is due no later than seven (7) days prior to the first date set for the meeting of creditors under section 341 of the Bankruptcy Code. The initial date for the meeting of creditors is October 17, 2016. October 10, 2016 was a federal holiday; the deadline for filing the report under Bankruptcy Rule 9006 is October 11, 2016.[2]

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks entry of an order, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rules 2015.3 and 9006, extending the time for the filing of its Report for thirty (30) days (through and including November 10, 2016), without prejudice to the Debtor's ability to request additional time.

---

[2] The Debtor previously filed a motion seeking similar relief (Docket No. 4 – motion); the requested extension date (October 7, 2016) was chosen prior to the scheduling of the initial date for the section 341 meeting of creditors. Accordingly, at the time the prior extension motion was filed, the Debtor did not know that Rule 2015.3 afforded the Debtor until October 11, 2016 to file the Report.

**GROUNDS/BASIS FOR RELIEF**

9. Bankruptcy Rule 2015.3(b) requires that the Debtor's initial report on entities in which it holds a substantial or controlling interest be filed no later than seven (7) days prior to the first date set for the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rule 9006(b)(1) provides in pertinent part as follows:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANK. P. 9006(b)(1).

10. This request is made within the timeframe required by Bankruptcy Rule 9006, and there is good cause to grant the requested extension. Specifically, the Debtor's staff recently completed filing its schedules of assets/liabilities and Statement of Financial Affairs and is now turning its attention to the Debtor's Rule 2015.3 reporting obligation(s). For this reason, the Debtor requests additional time to prepare and file the Report.

11. The Debtor has commenced the task of gathering the necessary information to prepare and finalize its Report; however, the Debtor does not believe that it can finalize the Report before the deadlines established by the applicable rules.

12. The Debtor, therefore, requests that the Court establish November 10, 2016 as the date on or before which it must file its Report, without prejudice to the Debtor's right to seek further extensions, to seek a waiver of the requirement of filing parts of the Report, and/or other related relief from this Court. No prejudice will be caused to any creditor or other interested party

by permitting the Debtor an extension of time until November 10, 2016 to prepare and file the Report.

13. The relief requested herein is ordinarily granted in chapter 11 cases similar to the instant case.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting an extension of time until November 10, 2016 for the Debtor to file its Report, without prejudice to the Debtor's ability to request additional time, and grant such other and further relief as is just and proper.

Dated: October 11, 2016
Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ Joseph J. McMahon, Jr.*
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
1204 N. King Street
Wilmington, Delaware 19801
(302) 658-1100 telephone
(302) 658-1300 facsimile
jmcmahon@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
One Commerce Square, Suite 3500
2005 Market Street
Philadelphia, PA 19103
(215) 557-3550 telephone
(215) 557-3551 facsimile
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com

*Proposed Attorneys for the Debtor and Debtor in Possession*