IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SCRIPSAMERICA, INC.,[1] | Case No. 16-11991 |
| Debtor. | Re: Docket No(s). 7, 29 |

## ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURES FOR DEBTOR'S PROFESSIONALS

Upon the motion (the "Motion") of ScripsAmerica, Inc. (the "Debtor") for establishment of procedures for interim compensation and reimbursement of expenses for Professionals;[2] and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of this Motion has been provided as set forth in the Motion and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interest of the Debtor's estate and its creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause therefor, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that except as may be otherwise provided in a separate order authorizing the retention of specific professionals, Professionals shall seek compensation and reimbursement in accordance with the following procedures (the "Compensation Procedures"):

---

[1] The last four digits of the Debtor's federal tax identification number are 8594. The location of the Debtor's corporate headquarters is 1094 Main Avenue, Suite A, Clifton, NJ 07011.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

a) No earlier than the 20th day of each calendar month, the Professionals shall file an application (a "Monthly Fee Application") pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on: (i) the Debtor, c/o Brian Ettinger, 5120 Woodway Drive, Suite 5004, Houston, Texas 77056; (ii) counsel to the Debtor, Ciardi, Ciardi & Astin, 1204 N. King Street, Wilmington, Delaware 19801 (Attn: Joseph J. McMahon, Jr., Esquire) and One Commerce Square, 2000 Market Street, 35th Floor, Philadelphia, PA 19103 (Attention: Albert A. Ciardi III, Esquire and Nicole M. Nigrelli, Esquire); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attention: Richard L. Schepacarter); and (iv) counsel to the Official Committee of Unsecured Creditors (if the Committee is appointed (collectively, the "Notice Parties"). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and the Guidelines established by the Office of the United States Trustee (the "U.S. Trustee Guidelines"). Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). Upon expiration of the Objection Deadline, Professionals may file a certificate of no objection with the Court after which the Debtor is authorized to pay Professionals an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") and (ii) 80 percent (80%) of the fees and 100 percent (100%) of the expenses not subject to an objection pursuant to subparagraph (b) below. Professionals' first Monthly Fee Application shall include any partial month preceding the first full month of employment.

b) If any Notice Party objects to a Monthly Fee Application, it must file with the Court and serve on Professionals and each of the Notice Parties a written objection, which must be filed with the Court and received by Professionals and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and Professionals may attempt to resolve the objection on a consensual basis. If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the Professionals may either: (i) file a response to the objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment to be made to Professionals (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

c) The Professionals' first fee application may be filed on or after October 1, 2016 and may include the period from the Petition Date through September 30, 2016. Beginning with the period ending November 30, 2016, at three-month intervals or at such other time convenient to the Court, Professionals must file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request")

2

for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "<u>Interim Fee Period</u>"). The Interim Fee Application Request must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules and U.S. Trustee Guidelines. Professionals must file their Interim Fee Application Request within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fee and reimbursement of expenses. Professionals must file their first Interim Fee Application Request on or before January 15, 2017, which shall cover the Interim Fee Period from the Petition Date through and including November 30, 2016. If Professionals fail to file an Interim Fee Application Request when due, Professionals will be ineligible to receive further interim payments of fees and expenses under the Compensation Procedures until such time as a further Interim Fee Application Request is submitted.

d) The Debtor shall request a hearing on pending Interim Fee Application Requests every three (3) months or at such other intervals as the Court deems appropriate.

e) If allowed by the Court upon hearing of an Interim Fee Application Request, Professionals shall receive payment of all allowed fees (including the 20% holdback) and costs not previously paid pursuant to a Monthly Fee Application.

f) The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify Professionals the future payment of compensation or reimbursement of expenses.

g) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or a failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to all professionals are subject to disgorgement until final allowance by the Court.

and it is further

ORDERED that (i) only the Notice Parties shall be served with both the fee applications and the notice of hearing thereon (the "<u>Hearing Notice</u>") and (ii) all other parties who have filed a request for service pursuant to Bankruptcy Rule 2002 shall be served only the Hearing Notice; <u>provided, however,</u> that if any party that has received only a Hearing Notice requests a

3

copy of any of the fee applications, the Debtor or the Committee (as applicable) shall furnish such party with the requested copies at its expense; and it is further

ORDERED that the Debtor shall include all payments made to all professionals in accordance with the compensation procedures in their monthly operating reports, identifying the amount paid to each of the professionals; and it is further

ORDERED that all time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: October ___, 2016
Wilmington, Delaware

United States Bankruptcy Judge