IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SCRIPSAMERICA, INC.,[1] | Case No. 16-11991 (LSS) |
| Debtor. | Re: Docket No(s). 32, __60__ |

**ORDER APPROVING EMPLOYMENT AND RETENTION OF EQUITY PARTNERS HG LLC AS INVESTMENT BANKER FOR THE DEBTOR, *NUNC PRO TUNC* TO SEPTEMBER 19, 2016, AND RELATED REQUEST FOR WAIVER OF CERTAIN INFORMATION-KEEPING REQUIREMENTS OF LOCAL RULE 2016-2**

Upon consideration of the Debtor's application to employ and retain Equity Partners HG LLC ("EP") as investment banker, *nunc pro tunc* to September 19, 2016 (the "Application"), and after reviewing the declaration of Kenneth W. Mann (the "Mann Declaration"), a principal of EP, which is attached to the Application; and the Court being satisfied based on the representations made in the Application and the Mann Declaration that EP holds no interest adverse to the Debtor's estate with respect to the matters upon which it is to be engaged and is a "disinterested person[s]" (as that term is defined in section 101(14) of the Bankruptcy Code, and that the employment of EP is necessary and would be in the best interests of the estate; and it appearing that the Court has jurisdiction over this matter; and it appearing that due and proper notice of the Application has been given; and after due deliberation, and sufficient cause appearing therefor; it is hereby ORDERED that:

---

[1] The last four digits of the Debtor's federal tax identification number are 8594. The location of the Debtor's corporate headquarters is 1094 Main Avenue, Suite A, Clifton, NJ 07011.

1. The Application is approved as set forth herein.

2. The retention of EP as investment banker to the Debtor in connection with the Debtor's chapter 11 case is hereby authorized, *nunc pro tunc* to September 19, 2016.

3. Subject to paragraph 6 of this Order, pursuant to section 328(a) of the Bankruptcy Code, EP shall be compensated in accordance with the Application and the Agreement as if the terms contained in the Application and the Agreement were fully set forth herein.

4. The indemnity provision of the Agreement is approved, subject to the following:

   a. EP (defined for purposes of this Paragraph 4 to include EP and any person in control of EP (per Paragraph 7 of the Agreement) shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than those described in the Agreement, unless such services and indemnification therefor are approved by the Court;

   b. The Debtor shall have no obligation to indemnify EP, or provide contribution or reimbursement to EP, for any claim or expense that is either: (1) judicially determined (the determination having become final) to have arisen from EP's gross negligence or willful misconduct; (2) for a contractual dispute in which the Debtor and/or any official committee appointed in this case alleges the breach of EP's contractual obligations unless the Court determines that the indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theater Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which EP should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a

2

final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, EP believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, EP must file an application therefor in this Court, and the Debtor may not pay any such amounts to EP before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by EP for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify EP. All parties in interest shall retain the right to object to any demand by EP for indemnification, contribution or reimbursement.

5. EP is hereby granted a waiver from this Court's information-keeping requirements under Local Rule 2016-2 to excuse EP from keeping time records in connection with the engagement.

6. Notwithstanding any provision to the contrary in this Order, the United States Trustee for the District of Delaware (the "U.S. Trustee") shall have the right to object to EP's request for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code (rather than section 328(a) of the Code). This Order and the record of the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of EP's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of EP's fees.

7. The Debtor is authorized to pay EP the expense advance in accordance with the Agreement. Further, in the event an asset sale is consummated pursuant to section 363 of

3

the Bankruptcy Code, the Debtor is authorized to pay any additional compensation/reimbursement due to EP at closing, subject to this Court's review of such compensation/reimbursement via a noticed final fee application that complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

8. This Court retains jurisdiction to hear any dispute regarding this Order.

Dated: November 3, 2016
Wilmington, Delaware

/s/ Laurie Selber Silverstein
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge