# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SCRIPSAMERICA, INC.,[1] | Case No. 16-11991 (LSS) |
| Debtor. | Re: Docket No. 146 |

**PRELIMINARY OBJECTION TO JOINDER OF IRONRIDGE GLOBAL PARTNERS, LLC, A U.S. VIRGIN ISLANDS LIMITED LIABILITY COMPANY, TO THE FORMER OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (A) OBJECTION TO DEBTOR'S MOTION TO EXTEND THE EXCLUSIVE TIME PERIODS DURING WHICH DEBTOR MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF AND (B) MOTION PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER TERMINATING THE EXCLUSIVITY TIME PERIODS DURING WHICH DEBTOR MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

In support of its preliminary objection to the joinder (the "Joinder") of Ironridge Global Partners, LLC ("Ironridge"), a U.S. Virgin Islands limited liability company, to the former Official Committee of Unsecured Creditors' (the "Committee") (a) objection to Debtor's motion to extend the exclusive time periods during which Debtor may file a chapter 11 plan and solicit acceptances thereof and (b) motion pursuant to section 1121(d)(1) of the Bankruptcy Code for entry of an order terminating the exclusivity time periods during which Debtor may file a chapter 11 plan and solicit acceptances thereof (the "Exclusivity Motion/Objection"), ScripsAmerica, Inc., debtor and debtor in possession (the "Debtor"), by and through its counsel, avers:

---

[1] The last four digits of the Debtor's federal tax identification number are 8594. On the date the above-captioned case was initiated, the location of the Debtor's corporate headquarters was 1094 Main Avenue, Suite A, Clifton, NJ 07011.

**PRELIMINARY OBJECTION**

Ironridge is a former member of the Official Committee of Unsecured Creditors, which was disbanded by the Office of the United States Trustee on January 11, 2017 [Docket No. 143].

Ironridge's Joinder was filed on January 11, 2017 after the Office of the United States Trustee filed the disbandment notice.

The issue presented is what happens to the Joinder if the underlying Exclusivity Motion/Objection has been mooted out by the Committee's disbandment. The former Committee filed the Exclusivity Objection/Motion [Docket No. 127] and a related, limited motion to seal (the "Limited Motion to Seal") [Docket No. 128] on January 5, 2017, together with motions to shorten notice (the "Motions to Shorten") [Docket Nos. 129, 130] in which the Committee sought to have the items heard at the omnibus hearing scheduled for January 25, 2017. As of the time this preliminary objection was filed, Ironridge has only joined in the Exclusivity Objection/Motion alone; Ironridge has not joined the former Committee's Motions to Shorten, nor has it joined in the Limited Motion to Seal.

The Debtor's pending request to extend exclusivity is its first request. Any suggestion that the Debtor's exclusive periods should be curtailed or terminated is premature. The Debtor is in the midst of a pending sale process and has been actively prosecuting its case. Specifically, the Debtor has been evaluating the Debtor's claims and causes of action against third parties, including Ironridge, Ironridge Global IV, Ltd., and John C. Kirkland.

The preferred way of proceeding would be to for Ironridge to file its own motion, consistent with applicable law, regarding exclusivity and notice same. However, if Ironridge is permitted to adopt the former Committee's Exclusivity Objection/Motion, for all the reasons stated in its objection and sur-reply to the former Committee's motions to shorten notice re: same, the Debtor

believes that the matter should be noticed for a later date consistent with entry of a scheduling order after a status conference has been held with the Court, especially since Ironridge has not adopted the Motions to Shorten or the Limited Motion to Seal as of the time this preliminary objection was filed. Additionally, in the wake of the filing of the disbandment notice, the Debtor withdrew its pending deposition notices/subpoenas related to the Exclusivity Objection/Motion; the Debtor would be prejudiced by having to re-notice that discovery for a hearing on shortened notice.

The Debtor notes that Ironridge, in contravention of this Court's prior order requiring that it appear for deposition in this District related to the Debtor's disbandment/removal motion [Docket No. 75], previously indicated that it would neither appear for deposition nor appear at the hearing on the disbandment/removal motion to testify. The Debtor does not expect Ironridge's *modus operandi* to change. Kirkland is presently a defendant in an action brought by a chapter 7 trustee in the Central District of California alleging that Kirkland, *inter alia*, made false and misleading statements to the Bankruptcy Court and breached his obligations as counsel to the debtor (Fourth Amended Complaint [Adv. Docket No. 234], *Rund v. Kirkland,* et al. *(*In re *EPD Investment Company, LLC,* et al.*), Adv. No. 12-ap-02424 (Bankr. C.D. Cal.)*).

The Debtor presently intends to file a motion seeking to examine Ironridge, Ironridge Global IV, Ltd. John C. Kirkland and Schneiderman pursuant to Federal Rule of Bankruptcy Procedure 2004. Today, the Debtor forwarded a "meet and confer" letter to, *inter alia*, counsel for the aforementioned entities. The Debtor believes that two or more of the aforementioned entities have been acting in concert since the inception of the Debtor's case, directed by Kirkland, and the Debtor fully expects that its examination of these entities will advance the overall direction of the case.

| | |
|---|---|
| Dated: January 12, 2017<br>      Wilmington, Delaware | CIARDI CIARDI & ASTIN<br><br>*/s/ Joseph J. McMahon, Jr.*<br>Daniel K. Astin (No. 4068)<br>John D. McLaughlin, Jr. (No. 4123)<br>Joseph J. McMahon, Jr. (No. 4819)<br>1204 N. King Street<br>Wilmington, Delaware 19801<br>(302) 658-1100 telephone<br>(302) 658-1300 facsimile<br>jmcmahon@ciardilaw.com<br><br>-and-<br><br>Albert A. Ciardi, III, Esquire<br>Nicole M. Nigrelli, Esquire<br>One Commerce Square, Suite 3500<br>2005 Market Street<br>Philadelphia, PA 19103<br>(215) 557-3550 telephone<br>(215) 557-3551 facsimile<br>aciardi@ciardilaw.com<br>nnigrelli@ciardilaw.com<br><br>*Attorneys for the Debtor and*<br> *Debtor in Possession* |