**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SCRIPSAMERICA, INC.,[1] | Case No. 16-11991 (LSS) |
| Debtor. | Hearing Date: June 8, 2017 at 2:30 P.M. ET<br>Objection Deadline: May 30, 2017 at 4:00 P.M. ET |

**FIRST INTERIM AND FINAL APPLICATION OF CIARDI CIARDI & ASTIN FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM SEPTEMBER 7, 2016 THROUGH FEBRUARY 7, 2017**

Name of Applicant:                                           Ciardi Ciardi & Astin

Authorized to Provide
Professional Services to:                               ScripsAmerica, Inc., Debtor

Date of Retention:                                          Order Entered October 17, 2016
                                                                        *nunc pro tunc* to September 7, 2016

Period for which compensation
and reimbursement is sought:                      September 7, 2016 through February 7, 2017

Total amount of compensation sought
as actual, reasonable and necessary:          $423,826.00

Amount of expense reimbursement sought
as actual, reasonable and necessary:          $14,341.05

This is a:        monthly     **x** interim     **x** final application

This is Ciardi Ciardi & Astin's first interim and final fee application filed in this case.

---

[1] The last four digits of the Debtor's federal tax identification number are 8594. On the date the above-captioned case was initiated, the location of the Debtor's corporate headquarters was 1094 Main Avenue, Suite A, Clifton, NJ 07011.

## Timekeeper Summary
## (Main Case)

| Timekeeper | Position | Description | Hourly Rate | Hours | Amount |
|---|---|---|---|---|---|
| Daniel K. Astin | Partner | Joined Firm in 2008 Member of PA and NJ bar since 1989. Member of DE bar since 2001. Area of Expertise: Bankruptcy. | $500.00 | 254.3 | $112,225.00 |
| Albert A. Ciardi, III | Partner | Member of PA and NJ bar since 1991. Member of FL bar since 1992. Areas of Expertise: Bankruptcy and Commercial Transactions. | $485.00 | 5.0 | $2,425.00 |
| John D. McLaughlin, Jr. | Partner | Joined Firm in 2010. Member of PA bar since 1985. Member of DE bar since 2001. Area of expertise: Bankruptcy | $500.00 | 100.20 | $50,100.00 |
| Joseph J. McMahon, Jr. | Of Counsel | Joined Firm in 2010. Member of NJ bar since 1995. Member of PA bar since 1996. Member of DE bar since 2006. Area of Expertise: Bankruptcy. | $495.00 | 404.00 | $199,980.00 |
| Gary Elmer | Partner | Joined Firm in 2011 Member of CA bar since 1988. Area of Expertise: Bankruptcy and Commercial Litigation. | $495.00 | 44.7 | $22,126.50 |
| Nicole M. Nigrelli | Of Counsel | Joined Firm in 2005. Member of the PA bar since 1999. Member of NJ bar since 2000. Area of Expertise: Bankruptcy | $445.00 | 50.90 | $22,794.50 |
| Daniel Siedman | Associate | Joined Firm in 2012. Member of PA bar since 2009. Member of NJ bar since 2009. Area of Expertise: Bankruptcy Litigation. | $250.00/ $300.00 | 51.1 | $14,175.00 |
| | | | **Totals** | **909.40** | **$423,826.00** |

**Blended Rate: $466.05**

## Project Category Summary

| Project Category | Task Code | Hours | Amount |
|---|---|---|---|
| Case Administration | CA | 549.6 | $257,300.50 |
| Litigation | LIT | 219.5 | $98,729.50 |
| Litigation -- Committee | LIT-C | 129.6 | $64,324.50 |
| Travel | TRV | 8.2 | $2,221.50 |
| | **Totals** | **909.40** | **$423,826.00** |

## Expense Category Summary

| Expense Category | Amount |
|---|---|
| Court Fees | $1,154.08 |
| FedEx | $86.27 |
| O'Rourke Investigative (service of process) | $95.00 |
| Pacer/Lexis | $16.09 |
| Parcels | $12,845.47 |
| Postage | $144.14 |
| **Total** | **$14,341.05** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| SCRIPSAMERICA, INC.,[1] | : | Case No. 16-11991 (LSS) |
| | : | |
| | : | |
| Debtor. | : | Hearing Date: June 8, 2017 at 2:30 P.M. ET |
| | : | Objection Deadline: May 30, 2017 at 4:00 P.M. ET |
| | : | |

**FIRST INTERIM AND FINAL APPLICATION OF CIARDI CIARDI & ASTIN
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS BANKRUPTCY COUNSEL TO THE DEBTOR AND DEBTOR IN
POSSESSION FOR THE PERIOD FROM
SEPTEMBER 7, 2016 THROUGH FEBRUARY 7, 2017**

Pursuant to 11 U.S.C. §§ 330, 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Ciardi Ciardi & Astin ("Ciardi") hereby requests (the "Application") compensation for its fees and reimbursement for its expenses for professional legal services rendered as bankruptcy counsel to ScripsAmerica, Inc., debtor and former debtor in possession (the "Debtor"), in the amount of $423,826.00, together with reimbursement for actual and necessary expenses incurred in the amount of $14,341.05, for the period beginning September 7, 2016 through and including February 7, 2017 (the "Application Period"). In support of the Application, Ciardi represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 8594. On the date the above-captioned case was initiated, the location of the Debtor's corporate headquarters was 1094 Main Avenue, Suite A, Clifton, NJ 07011.

**BACKGROUND**

1. On September 7, 2016, the Debtor filed the voluntary petition under title 11, United States Code (the "Bankruptcy Code") which initiated the above-captioned case.

2. On September 7, 2016, the Debtor filed its *Application Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107(b) and Federal Rule of Bankruptcy Procedure 2014(a) and 2016 for Authority to Employ and Retain Ciardi Ciardi & Astin as Bankruptcy Counsel,* Nunc Pro Tunc *to September 7, 2016 and Request for Limited Waiver of Information-Keeping Requirements of Rule 2016-2* [Docket No. 5] (the "Retention Application").

3. On October 17, 2016, the Court entered an *Order Approving Employment and Retention of Ciardi Ciardi & Astin as Bankruptcy Counsel to the Debtor,* Nunc Pro Tunc *to September 7, 2016 and Request for Limited Waiver of Information-Keeping Requirements of Rule 2016-2* [Docket No. 46] (the "Retention Order").[2]

4. On November 3, 2016, the U.S. Trustee filed a notice of appointment of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned case [Docket No. 71]. Ettinger Decl. Ex. A (notice). The Committee consisted of two members: Ironridge Global Partners, LLC ("Ironridge Partners") and Robert Schneiderman ("Schneiderman").

5. On November 4, 2016, the Debtor filed its motion to disband the Committee or, alternatively, to remove Ironridge and Schneiderman from the Committee (the "Motion to Disband/Remove") [Docket No. 75]. In the Motion to Disband/Remove, the Debtor averred that Ironridge Partners and Schneiderman were unfit to serve as Committee members on various grounds discussed therein.

---

[2] In the Retention Application and the supplemental declaration of Daniel K. Astin in support of the Retention Application, the Debtor/Ciardi disclosed that Ciardi was holding a $100,000.00 retainer in connection with its post-petition services.

6. The Committee was disbanded by the U.S. Trustee on January 11, 2017 [notice -- Docket No. 143].

7. On February 7, 2017, this Court entered an order converting the above-captioned case to a case under chapter 7 of title 11, United States Code (the "Bankruptcy Code").

8. On February 9, 2017, Charles A. Stanziale, Jr. (the "Trustee") was appointed chapter 7 trustee of the Debtor's estate.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

## RELIEF REQUESTED

11. This Application is the first interim and final application filed by Ciardi in this case. All services for which compensation is requested were performed for or on behalf of the Debtor. In connection with the professional services described below, by this Application, Ciardi seeks compensation accrued during the Application Period in the amount of $423,826.00 and expense reimbursement in the amount of $14,341.05. Attached hereto as **Exhibit A** is a detailed statement of fees for services rendered in this case during the Application Period which supports the request for compensation and reimbursement of expenses. Attached as **Exhibit B** is a summary of the compensation requested by timekeeper and project category.

**SUMMARY OF SERVICES**

12. Given the nature and value of the services provided by Ciardi to the Debtor as described herein, the amounts sought under this Application are fair and reasonable pursuant to section 330 of the Bankruptcy Code.

13. Ciardi received no payment and no promises for payment from any source for services rendered in connection with this case other than in accordance with the Bankruptcy Code. There is no agreement or understanding between Ciardi and any other person (other than members of Ciardi) for the sharing of compensation to be received for the services rendered in this case.

14. In general, pursuant to the Retention Order, the services that Ciardi rendered as counsel to the Debtor included, without limitation, the following:

   a. Assistance and counsel to the Debtor in the reorganization or liquidation of the assets of the estate as is appropriate under the circumstances;

   b. Review and defense of actions brought against the Debtor or the estate;

   c. Preparation of documents necessary to administer the estate;

   d. Handling discovery-related matters, including (i) issuing and responding to written discovery and (ii) preparing for/attending depositions;

   e. Correspondence and conferences with creditors of the estate, the Court, the Office of the United States Trustee and parties in interest; and

   f. Any other purpose that was necessary and proper to assist the Debtor in carrying out its duties in the administration of the estate.

15. The legal services rendered by Ciardi have been provided with as little duplication of effort as possible and are detailed by professional and project category in Exhibit A.

16. The chapter 11 phase of the above-captioned case, which spanned six (6) months, was actively prosecuted by the Debtor. With Ciardi's assistance, the Debtor: (i) obtained approval from this Court to employ bankruptcy professionals and "ordinary course" professionals; (ii) filed

its schedules of assets and liabilities and Statement of Financial Affairs; (iii) marketed substantially all of its assets for sale, obtained this Court's approval of a sale and closed same; (iv) challenged the formation of the Committee, which was subsequently disbanded by the Office of the United States Trustee; (v) challenged the Committee's asserted right to be heard post-disbandment; (vi) filed three (3) civil actions – two lawsuits and an adversary proceeding – seeking to recover estate assets; and (vii) filed a combined disclosure statement/plan.

## AMOUNTS REQUESTED

17. For the Application Period, Ciardi seeks compensation in the amount of $423,826.00 in connection with the professional services described above and detailed in Exhibit A.

18. Additionally, for the Application Period, Ciardi seeks reimbursement of $14,341.05 in actual and necessary expenses detailed in Exhibit A.

19. As noted in the supplemental declaration of Daniel K. Astin in support of the Retention Application [Docket No. 33] (the "Supplemental Astin Declaration"), Ciardi agreed to "cap" the hourly rates of its attorneys with standard hourly rates greater than $500/hour at $500/hour. Additionally, Ciardi is not seeking compensation for 26.1 hours of timekeeper's Daniel Astin time (having a value of $13,050.00) in connection with this Application. Finally, Ciardi is not seeking reimbursement for $4,738.47 in expenses which the firm incurred related to the case; such expenses are not reflected on Exhibit A.

20. Ciardi seeks authorization to apply its retainer/trust balance in partial satisfaction of the allowed compensation award, consistent with the Supplemental Astin Declaration and the Retention Order.

21. Pursuant to Local Rule 2016-2, Ciardi represents as follows with regard to its charges for actual and necessary costs and expenses during the Application Period:

(a) Copying, printing and scanning charges are $.10 per page for which charge is reasonable and customary in the legal industry representing costs of copy materials, acquisition, maintenance, storage and operation of copy machines and printers, together with a margin for recovery of lost expenditures. In addition, Ciardi often utilizes outside copier services for high volume projects, and this Application may seek the recovery of those costs.

(b) Incoming facsimiles are not billed. Out-going facsimiles are billed at the rate of $0.25 per page. The cost represents operator time, the maintenance of several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of lost expenditures. Toll telephone charges are not billed. In addition, Ciardi utilizes the services of a carrier for high volume, multiple-destination fax transactions, and this Application may seek the recovery of those costs.

22. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services in non-bankruptcy cases.

23. Ciardi has reviewed the requirements of Local Rule 2016-2, and this Application and the Exhibits attached hereto comply with Local Rule 2016-2.

24. Prior to filing the Application, the Trustee was provided a draft of same. The Trustee has indicated to Ciardi that he has no objection to the Application.

25. Notice of the Application has been given to all parties entitled to notice of same under the Fee Procedures Order.

WHEREFORE Ciardi respectfully requests allowance of the sum of $423,826.00 for compensation for professional services and $14,341.05 for reimbursement of actual and necessary costs and expenses incurred during this Application Period. Ciardi also seeks authorization to apply its retainer/trust balance in partial satisfaction of the allowed compensation award, consistent with the Supplemental Astin Declaration and the Retention Order.

Dated:  May 12, 2017
Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ Joseph J. McMahon, Jr.*
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
1204 N. King Street
Wilmington, Delaware 19801
(302) 658-1100 telephone
(302) 658-1300 facsimile
jmcmahon@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
One Commerce Square, Suite 3500
2005 Market Street
Philadelphia, PA 19103
(215) 557-3550 telephone
(215) 557-3551 facsimile
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com

*Attorneys for the Debtor and
 Debtor in Possession*