## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SCRIPSAMERICA, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 16-11991 (LSS)<br>*Jointly Administered with Case No. 17-11586 (LSS)*<br><br>**Hearing Date: March 22, 2018 @ 10:15 a.m.**<br>**Objection Deadline: March 15, 2018 @ 4:00 p.m.** |
| CHARLES A. STANZIALE, JR., Chapter 7 Trustee of SCRIPSAMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT SCHNEIDERMAN, JEFFREY ANDREWS, DR. JOSEPH CAMARDO, ANDRIUS PRANKSEVICIUS, BRIAN ETTINGER, MICHAEL IMPERIALE, ESTATE OF BRIAN ANDERSON, ADAM BROSIUS, ANDERSON TRIGGS, WILLIAM AUSTIN LEWIS, IV, DEVELOPMENT 72, LLC, POWELL STRATEGIC ADVISORS, INC., HARRY JAMES PRODUCTIONS, INC., ANDREA SCHNEIDERMAN, PHARMA SALES GROUP, INC., BLACK CAT CONSULTING, INC., and LAW OFFICES OF BRIAN ETTINGER, PLLC<br><br>Defendants. | Adv. Proc. No. 17-50935 (LSS) |

## TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF PREFERENCE CLAIM SOLELY AS TO DEVELOPMENT 72, LLC PURSUANT TO FED. R. BANKR. P. 9019

Charles A. Stanziale, Jr. (the "**Trustee**"), in his capacity as the chapter 7 trustee for the

bankruptcy estate of ScripsAmerica, Inc. (the "**Debtor**"), through his undersigned counsel,

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are: ScripsAmerica, Inc. (8594) and Main Avenue Pharmacy, Inc. (6335).

moves this Court for entry of an order approving *Trustee's Motion for Approval of Compromise and Settlement of Preference Claim Solely as to Development 72, LLC Pursuant to Fed. R. Bankr. P. 9019* (the "**Motion**"), and in support thereof, states as follows:

## JURISDICTION, VENUE, AND PREDICATE FOR RELIEF

1.      The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

3.      The predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule 9019**").

## BACKGROUND

4.      On September 7, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (as amended, the "**Bankruptcy Code**") in the Bankruptcy Court.   Charles A. Stanziale, Jr. was thereafter appointed as the Chapter 7 Trustee in the Debtor's case.

5.      On March 21, 2018, the Bankruptcy Court entered an Order authorizing the employment of McCarter & English, LLP as counsel to the Trustee, *nunc pro tunc* to February 9, 2016.

6.      In accordance with his duties under the Bankruptcy Code, the Trustee has investigated the financial affairs of the Debtor, examined issues for the collection of estate property, and reviewed potential causes of action to avoid preferential transfers.

7.      Prior to commencing litigation, the Trustee met with his counsel and professionals with regard to potential preference actions and avoidable transfers made by the Debtor.   One

ME1 26633960v.3

recipient of such transfers was Development 72, LLC ( "**Defendant**").

8.      On December 15, 2017 the Trustee filed an Amended Complaint in the within adversary proceeding joining Defendant as a party.  Thereafter, after reviewing defenses, the Trustee has settled, subject to Bankruptcy Court approval, the asserted preference claims against Defendant (the "**Settlement**").

9.      By this Motion, the Trustee seeks Bankruptcy Court approval of the Settlement.

## SUMMARY OF THE SETTLEMENT[2]

| Defendant | Demand | Settlement Amount | Notes |
|---|---|---|---|
| Development 72, LLC | $343,047.66 | $45,000.00 | Ordinary-Course and Non Insider Status Defenses; Mutual releases |

## RELIEF REQUESTED

10.      By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Settlement.

11.      Bankruptcy Rule 9019, which governs the approval of compromises and settlements, provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019.

12.      Bankruptcy Rule 9019 contains no standards for judicial approval of a settlement, but case law directs the Bankruptcy Court to determine whether the settlement is fair and equitable and in the best interests of the estate.  *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  The settlement need

---

[2] This summary is included for ease of reference and is not controlling over the terms of the Settlement.

ME1 26633960v.3

not be the best that could have been achieved, but only must fall "within the reasonable range of litigation possibilities." *In re Penn Cent. Transp. Co.,* 596 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted).

13.     The decision to approve a settlement is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296.   In making its decisions, the Bankruptcy Court should not substitute its judgment for that of the trustee.   The Bankruptcy Court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.   Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

14.     The United States Court of Appeals for the Third Circuit has identified four factors (the "*Martin* factors") to be considered in determining whether a compromise should be approved:   "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.*, 390 U.S. at 424-25).

15.     In passing on the reasonableness of a proposed compromise, the Bankruptcy Court "may give weight to the opinions of the Trustee, the parties and their counsel in

ME1 26633960v.3

determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

16.     The Trustee believes that the Settlement rises above the "lowest point in the range of reasonableness."  Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlement.  Respectfully, then, this Court should approve the Settlement pursuant to Bankruptcy Rule 9019 and applicable law.

**Probability of Success in Litigation**

17.     Absent the Settlement, the preference claim would have to be litigated with no assurances of favorable outcomes for the Debtor's estate.  Defendant has asserted defenses that, if litigated, could reduce the Trustee's probability of success in litigation.  The resolution of the claims under the terms and conditions of the Settlement is therefore a favorable outcome for the Debtor's estate and its creditors, because it will allow the Trustee and his professionals to dedicate their time and resources in administrating the estate and pursuing other matters toward that end.  The Trustee and his professionals evaluated and considered the merits of the asserted defenses by Defendant when entering into the Settlement.

**Expense, Inconvenience, and Delay Necessarily Attending the Litigation**

18.     The preference claim involves specific factual issues regarding the alleged transfers being pursued for avoidance under chapter 5 of the Bankruptcy Code, which could potentially require protracted litigation and, in turn, direct the Trustee and his professionals from

pursuing other avenues of recovery for the estate. The Settlement avoids these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources, while at the same time ensuring that the Trustee is maximizing the value of the Debtor's estate and administering his fiduciary duties.

**Paramount Interest of Creditors**

19.    Finally, approval of the Settlement serves the paramount interest of the creditors of the Debtor's estate. Resolution of the preference claims through the Settlement represents a successful outcome for the Debtor's creditors by obviating the need for potentially protracted litigation and directing the Trustee and his professionals' attention to pursue other recoveries and closing the Debtor's bankruptcy case. As the Settlement results in funds coming back to the Debtor's estate for the benefit of all creditors—including the waiver of a section 502(h) claim— the fourth *Martin* factor is satisfied and weighs heavily in favor of the Court approving the Settlement.[3]

20.    Based on the foregoing, the Trustee submits that approval of the Settlement is in the best interests of the Debtor's estate and its creditors because it eliminates the possibility of any protracted litigation with Defendants, eases the administrative burden on this estate, and provides for a recovery for the benefit of the Debtor's estate and its creditors. The Settlement therefore represents a compromise between the parties that is fair and equitable and in the best interests of the Debtor's estate and its creditors.

## NOTICE

21.    The Trustee has served the Motion on the United States Trustee, counsel for the Defendants, and parties who are required notice under Bankruptcy Rule 2002 as referenced

---

[3] The second *Martin* factor (difficulty of collection) does not seem to apply in this instance and therefore should be weighed neutrally in the analysis.

ME1 26633960v.3

below.  Notice of the Motion has been served on all creditors per the parties referenced on **Exhibit A** to the Certificate of Service.  A complete copy of the Motion and the Settlement Agreement is available upon written request to the counsel for the Trustee.

22.     No prior request for the relief sought herein has been made to any court.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Settlement and granting such other and further relief as the Court deems just and equitable.

Dated: March 1, 2018
       Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

*/s/ Kate Roggio Buck*
Kate Roggio Buck (DE# 5140)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
Facsimile: (302) 984-6399
Email: kbuck@mccarter.com

*- and -*

Charles A. Stanziale, Jr.
Steven A. Beckelman
Jeffrey Testa
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
cstanziale@mccarter.com
sbeckelman@mccarter.com
jtesta@mccarter.com

*Attorneys for the Chapter 7 Trustee*

ME1 26633960v.3