# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SCRIPSAMERICA, INC.*,*<br><br>Debtor. | Chapter 7<br><br>Case No. 16-11991 (LSS)<br><br>**Hearing Date: April 23, 2019 @ 11:30 a.m.**<br>**Obj. Deadline: April 16, 2019 @ 4:00 p.m.** |
| CHARLES A. STANZIALE, JR., Chapter 7 Trustee of SCRIPSAMERICA, INC.*,*<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH JAMES ZAMPETTI, JR., ELEANOR ZAMPETTI & RHONDA ZAMPETTI,<br><br>Defendants. | Adv. Proc. No. 18-50257 (LSS) |

## TRUSTEE'S MOTION FOR APPROVAL OF
## COMPROMISE AND SETTLEMENT OF FRAUDULENT TRANSFER CLAIMS
## PURSUANT TO FED. R. BANKR. P. 9019

Charles A. Stanziale, Jr. (the "**Trustee**"), in his capacity as the chapter 7 trustee for the bankruptcy estate of ScripsAmerica, Inc. (the "**Debtor**"), through his undersigned counsel, moves this Court for entry of an order approving *Trustee's Motion for Approval of Compromise and Settlement of Fraudulent Transfer Claims Pursuant to Fed. R. Bankr. P. 9019* (the "**Motion**"), and in support thereof, states as follows:

### JURISDICTION, VENUE, AND PREDICATE FOR RELIEF

1.  The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

3. The predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule 9019**").

## BACKGROUND

4. On September 7, 2016 the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware.

5. On February 9, 2017 ("**Trustee Appointment Date**") the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as Chapter 7 Trustee

6. On March 21, 2017, the Bankruptcy Court entered an order authorizing the employment of McCarter & English as counsel to the Chapter 7 Trustee *nunc pro tunc* to the Trustee Appointment Date.

7. In accordance with his duties under the Bankruptcy Code, the Trustee has investigated the financial affairs of the Debtor, examined issues for the collection of estate property, and reviewed potential causes of action to avoid fraudulent transfers.

8. Prior to commencing litigation, the Trustee met with his counsel and professionals with regard to avoidable transfers made by the Debtor. Three recipients of such transfers were Joseph Zampetti, Jr., Eleanor Zampetti and Rhonda Zampetti (together, "**Defendants**").

9. On January 31, 2018, the Trustee filed the within adversary proceeding against Defendants. Thereafter, after reviewing defenses, the Trustee has settled, subject to Bankruptcy Court approval, the asserted preference claims against Defendants (the "**Settlement**").

10. By this Motion, the Trustee seeks Bankruptcy Court approval of the Settlement.

## SUMMARY OF THE PREFERENCE CLAIM SETTLEMENT[1]

11.     In full and final settlement of the potential avoidance action against the Defendants, wherein the Trustee sought the avoidance and recovery of $1,345,160, the Defendants will pay the sum of $55,000.00 to the Trustee for the benefit of the Debtor's estate and its creditors. After the filing of the adversary proceeding, the Trustee and his professionals met and conferred with counsel for the defendants on numerous occasions, reviewed documents provided by the defendants and carefully examined the strengths and weaknesses of the avoidance action. The settlement payment shall be paid in six monthly installments (each, an "**Installment Payment**" and collectively, the "**Installment Payments**") with the first installment in the amount of Nine Thousand One Hundred Seventy Five Dollars ($9,175) (the "**First Installment**") to be delivered to the Trustee within five (5) business days of electronic receipt by the Defendants' counsel of an Order of the Bankruptcy Court approving the settlement or settlement procedures (the "**Settlement Approval Order**"). Each remaining Installment Payment in the respective amount of Nine Thousand One Hundred Sixty Five Dollars ($9,165) shall be made no later than the same day each month on which the First Installment was made (i.e. if the First Installment is made on the fifteenth (15th) day of the month, each remaining Installment Payment shall be due on the fifteenth (15th) of each of the next five (5) months). There shall be a grace period of five (5) calendar days for each Installment Payment. If the Defendants fail to timely any Installment Payment, then the Trustee is authorized to file a certification of counsel with the Bankruptcy Court to re-open the Adversary Proceeding, if closed, and to otherwise proceed to assert his claim for the full amount of the Transfers (minus any Installment Payments timely made). In the event that the Defendants fail to timely make the

---

[1] This summary is included solely for ease of reference but is in no way controlling over terms contained in the respective settlement agreements.

Installment Payments and this litigation continues, the claims and defenses of all parties are reserved.

## RELIEF REQUESTED

12. By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Settlement.

13. Bankruptcy Rule 9019, which governs the approval of compromises and settlements, provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019.

14. Bankruptcy Rule 9019 contains no standards for judicial approval of a settlement, but case law directs the Bankruptcy Court to determine whether the settlement is fair and equitable and in the best interests of the estate. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). The settlement need not be the best that could have been achieved, but only must fall "within the reasonable range of litigation possibilities." *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted).

15. The decision to approve a settlement is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In making its decisions, the Bankruptcy Court should not substitute its judgment for that of the trustee. The Bankruptcy Court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599,

608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

16. The United States Court of Appeals for the Third Circuit has identified four factors (the "*Martin* factors") to be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.*, 390 U.S. at 424-25).

17. In passing on the reasonableness of a proposed compromise, the Bankruptcy Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

18. The Trustee believes that the Settlement rises above the "lowest point in the range of reasonableness." Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlement. Respectfully, then, this

Court should approve the Settlement pursuant to Bankruptcy Rule 9019 and applicable law.

1. **Probability of Success in Litigation**

19. Absent the Settlement, the preference claim would have to be litigated with no assurances of favorable outcomes for the Debtor's estate. Defendants have asserted defenses that, if litigated, could reduce the Trustee's probability of success in litigation. The resolution of the claims under the terms and conditions of the Settlement is therefore a favorable outcome for the Debtor's estate and its creditors, because it will allow the Trustee and his professionals to dedicate their time and resources in administrating the estate and pursuing other matters toward that end. The Trustee and his professionals evaluated and considered the merits of the asserted defenses by Defendants when entering into the Settlement. The Adversary Complaint alleged that the Defendants received cash and common stock of ScripsAmerica, Inc. in consideration for stock promotion activities in violation of Section 17(b) of the Securities Act and Section 10(b) of the Securities Exchange Act and SEC Rule 10(b)(5) which, as illegal, would not constitute reasonably equivalent value. Defendants deny that Joseph Zampetti, Jrs.' actions were illegal and assert that he provided many other services of value to the Debtor, including arranging for substantial financial assistance to the Debtor from third parties.

2. **Likely Difficulties of Collection**

20. The Trustee has obtained and reviewed a confidential certification of financial wherewithal of the defendants. Based on his business judgment, he believes that collection of any judgment will be difficult.

3. **Expense, Inconvenience, and Delay Necessarily Attending the Litigation**

21. The fraudulent transfer claims involves specific factual and legal issues regarding the alleged transfers being pursued for avoidance under chapter 5 of the Bankruptcy Code, which

could potentially require protracted litigation and, in turn, direct the Trustee and his professionals from pursuing other avenues of recovery for the estate. The Settlement avoids these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources, while at the same time ensuring that the Trustee is maximizing the value of the Debtor's estate and administering his fiduciary duties.

**4.        Paramount Interest of Creditors**

22.    Finally, approval of the Settlement serves the paramount interest of the creditors of the Debtor's estate. Resolution of the preference claims through the Settlement represents a successful outcome for the Debtor's creditors by obviating the need for potentially protracted litigation and directing the Trustee and his professionals' attention to pursue other recoveries and closing the Debtor's bankruptcy case. As the Settlement results in funds coming back to the Debtor's estate for the benefit of all creditors—including the waiver of a section 502(h) claim—the fourth *Martin* factor is satisfied and weighs heavily in favor of the Court approving the Settlement.[2]

23.    Based on the foregoing, the Trustee submits that approval of the Settlement is in the best interests of the Debtor's estate and its creditors because it eliminates the possibility of any protracted litigation with Defendants, eases the administrative burden on this estate, and provides for a recovery for the benefit of the Debtor's estate and its creditors. The Settlement therefore represents a compromise between the parties that is fair and equitable and in the best interests of the Debtor's estate and its creditors.

## NOTICE

24.    The Trustee has served the Motion on the United States Trustee, counsel for the

---

[2] The second *Martin* factor (difficulty of collection) does not apparently apply to the consideration of approving the Settlement, and therefore should be weighed neutrally in the analysis.

Defendants, and parties who are required notice under Bankruptcy Rule 2002 as referenced below. Notice of the Motion has been served on all known creditors per the parties referenced on **Exhibit A** to the Certificate of Service. Complete copies of the Motion and the Settlement Agreement are available upon written request to the counsel for the Trustee.

25. No prior request for the relief sought herein has been made to any court.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Settlement and granting such other and further relief as the Court deems just and equitable.

Dated: April 2, 2019　　　　　　　　**McCARTER & ENGLISH, LLP**
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　*/s/ Kate Roggio Buck*
　　　　　　　　　　　　　　　　　　Kate Roggio Buck (DE# 5140)
　　　　　　　　　　　　　　　　　　Shannon D. Humiston (DE# 5740)
　　　　　　　　　　　　　　　　　　Renaissance Centre
　　　　　　　　　　　　　　　　　　405 N. King Street, 8th Floor
　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　Telephone: (302) 984-6300
　　　　　　　　　　　　　　　　　　Facsimile: (302) 984-6399
　　　　　　　　　　　　　　　　　　Email: kbuck@mccarter.com
　　　　　　　　　　　　　　　　　　Email: shumiston@mccarter.com

　　　　　　　　　　　　　　　　　　*- and -*

　　　　　　　　　　　　　　　　　　Jeffrey T. Testa
　　　　　　　　　　　　　　　　　　Steven A. Beckelman
　　　　　　　　　　　　　　　　　　Four Gateway Center
　　　　　　　　　　　　　　　　　　100 Mulberry Street
　　　　　　　　　　　　　　　　　　Newark, NJ 07102
　　　　　　　　　　　　　　　　　　Telephone: (973) 622-4444
　　　　　　　　　　　　　　　　　　Email: jtesta@mccarter.com
　　　　　　　　　　　　　　　　　　Email: sbeckelman@mccarter.com

　　　　　　　　　　　　　　　　　　*Attorneys for the Chapter 7 Trustee*