## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SCRIPSAMERICA, INC.*, et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 16-11991 (JTD)<br>(Jointly Administered) |
| CHARLES A. STANZIALE, JR., Chapter 7<br>Trustee of SCRIPSAMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KMJ CORBIN & COMPANY,<br><br>KMJ. | Adv. Proc. No. 18-50717 (JTD)<br><br><br><br>**Hearing Date: May 31, 2022 @ 1:00 p.m.**<br>**Obj. Deadline: May 5, 2022 @ 4 p.m.** |

### TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND
### SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019

Charles A. Stanziale, Jr. (the "**Trustee**"), in his capacity as the chapter 7 trustee for the

bankruptcy estate of  ScripsAmerica, Inc. (the "**Debtor**"), through his undersigned counsel,

moves this Court for entry of an order approving *Trustee's Motion for Approval of Compromise*

*and Settlement Pursuant to Fed. R. Bankr. P. 9019* (the "**Motion**"), and in support thereof, states

as follows:

### JURISDICTION, VENUE, AND PREDICATE FOR RELIEF

1.     The United States Bankruptcy Court for the District of Delaware (the

"**Bankruptcy Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b).

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification
number for each of the Debtors, are: ScripsAmerica, Inc. (8594) and Main Avenue Pharmacy,
Inc. (6335).

3.      The predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule 9019**").

**BACKGROUND**

4.      On September 7, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware ("**Bankruptcy Court**").

5.      On February 9, 2017 ("**Trustee Appointment Date**") the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as Chapter 7 Trustee of the Debtor's bankruptcy estate.

6.      On March 21, 2017, the Bankruptcy Court entered an order authorizing the employment of McCarter & English, LLP as counsel to the Trustee *nunc pro tunc* to the Trustee Appointment Date.

7.      In accordance with his duties under the Bankruptcy Code, the Trustee has investigated the financial affairs of the Debtor, examined issues for the collection of estate property, and reviewed potential causes of action.

8.      Trustee filed an adversary proceeding against KMJ Corbin & Company ("**KMJ**") entitled *Charles A. Stanziale, Jr., Chapter 7 Trustee of ScripsAmerica, Inc. v. KMJ Corbin & Company*, in the District of Delaware Bankruptcy Court bearing Adv. No. 18-50717 (LSS) (the "**Lawsuit**").  Trustee has asserted certain claims and allegations against KMJ (the "**Claims**") arising out of auditing services provided by KMJ to the Debtor.

9.      KMJ has denied and continues to deny each and every material allegation by the Trustee asserted in the Lawsuit in connection with the Claims, and neither party has admitted to any liability.

10.    The parties agreed to mediation; and, on March 9, 2020, David B. Stratton was appointed as the mediator.

11.    After the exchange of voluminous documents and briefing, extensive mediation sessions were held over seven months; and the parties have settled the asserted Claims (the "**Settlement**"), subject to Bankruptcy Court approval,.

12.    By this Motion, the Trustee seeks Bankruptcy Court approval of the Settlement, and a copy of the Settlement Agreement entered into by the Trustee and KMJ is attached to the proposed form of Order, which being filed simultaneously herewith, as **Exhibit 1**.

<h2 align="center">SUMMARY OF THE SETTLEMENT[2]</h2>

13.    After the filing the adversary proceeding, the Trustee and his professionals conferred with counsel for KMJ on numerous occasions, reviewed numerous documents, and carefully examined the strengths and weaknesses of the Claims. In addition, extensive mediations sessions were conducted. In full and final settlement of the Claims against KMJ and the exchange of mutual releases, KMJ will pay the sum of $1,100,000.00 to the Trustee for the benefit of the Debtor's estate and its creditors.  The settlement payment shall be delivered to the Trustee within thirty (30) calendar days of entry of the Order of the Bankruptcy Court approving the settlement becoming final and non-appealable. Within five (5) business days of the receipt and clearance of the Settlement payment, the Trustee shall execute and file a Stipulation for Dismissal of the Lawsuit with prejudice.

<h2 align="center">RELIEF REQUESTED</h2>

14.    By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order filed contemporaneously herewith, approving the Settlement.

---

[2] This summary is included solely for ease of reference but is in no way controlling over terms contained in the respective settlement agreements.

ME1 39090564v.1

15.     Bankruptcy Rule 9019, which governs the approval of compromises and settlements, provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019.

16.     Bankruptcy Rule 9019 contains no standards for judicial approval of a settlement, but case law directs the Bankruptcy Court to determine whether the settlement is fair and equitable and in the best interests of the estate.  *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  The settlement need not be the best that could have been achieved, but only must fall "within the reasonable range of litigation possibilities." *In re Penn Cent. Transp. Co.,* 596 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted).

17.     The decision to approve a settlement is "within the [sound] discretion of the bankruptcy court."  *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  In making its decisions, the Bankruptcy Court should not substitute its judgment for that of the trustee.  The Bankruptcy Court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

4

18.    The United States Court of Appeals for the Third Circuit has identified four

factors (the "*Martin* factors") to be considered in determining whether a compromise should be

approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3)

the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; and (4) the paramount interest of the creditors."  *Myers v. Martin (In re Martin)*, 91

F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer*

*Ferry, Inc.*, 390 U.S. at 424-25).

19.    In passing on the reasonableness of a proposed compromise, the Bankruptcy

Court "may give weight to the opinions of the Trustee, the parties and their counsel in

determining the reasonableness of the proposed settlement."  *In re Bell & Beckwith*, 77 B.R. 606,

612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*,

226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I

substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If

the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things

being equal, I would have selected the other") (internal citations omitted).

20.    The Trustee believes that the Settlement rises above the "lowest point in the range

of reasonableness."  Additionally, as discussed more fully below, each of the applicable *Martin*

factors set forth above weighs in favor of approving the Settlement.  Respectfully, then, this

Court should approve the Settlement pursuant to Bankruptcy Rule 9019 and applicable law.

A.    <u>**Probability of Success in Litigation**</u>

21.    Absent the Settlement, the Claims would have to be litigated with no assurances

of favorable outcomes for the Debtor's estate. KMJ has asserted defenses that, if litigated, could

reduce the Trustee's probability of success in litigation.  The resolution of the Claims under the

ME1 39090564v.1

terms and conditions of the Settlement is therefore a favorable outcome for the Debtor's estate and its creditors, because it will allow the Trustee and his professionals to dedicate their time and resources in administrating the estate and pursuing other matters toward that end.  The Trustee and his professionals evaluated and considered the merits of the asserted defenses by KMJ when entering into the Settlement. The Adversary Complaint alleged, *inter alia*, that KMJ breached its obligation to perform the audit of the consolidated financial statements of the Debtor for the year ending December 31, 2014, in accordance with applicable standards and the terms of its retention by the Debtor, that it acted negligently.  KMJ denies that its actions were negligent and asserts, *inter alia,* that the Debtor failed to provide KMJ with accurate and complete information and support during the course of the audit, the insolvency of the Debtor was the direct and proximate result of intervening and superseding actions on the part of other persons and entities or otherwise, including the Debtor and not KMJ, and that if KMJ were to be negligent and Plaintiff is entitled to recover damages against it, such recovery should be diminished by the degree of negligence on the part of the Debtor in proportion to the degree of negligence or fault attributable to KMJ, if any.

**B.    No Likely Difficulties of Collection**

22.    There are no issues concerning collection.  KMJ is a solvent entity and settlement funds will paid by various insurers.

**C.    Expense, Inconvenience, and Delay Necessarily Attending the Litigation**

23.    The Claims against KMJ involve specific factual and legal  issues, which could potentially require protracted litigation and, in turn, direct the Trustee and his professionals from pursuing other avenues of recovery for the estate.  The Settlement avoids these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources, while at the same time ensuring that the Trustee is maximizing the value of the Debtor's estate and

administering his fiduciary duties.

**D.    Paramount Interest of Creditors**

24.    Finally, approval of the Settlement serves the paramount interest of the creditors of the Debtor's estate.  Resolution of the Claims through the Settlement represents a successful outcome for the Debtor's creditors by obviating the need for potentially protracted litigation and directing the Trustee and his professionals' attention to pursue other recoveries and closing the Debtor's bankruptcy case.  As the Settlement results in funds coming back to the Debtor's estate for the benefit of all creditors—including the waiver of a section 502(h) claim—the fourth *Martin* factor is satisfied and weighs heavily in favor of the Court approving the Settlement.[3]

25.    Based on the foregoing, the Trustee submits that approval of the Settlement is in the best interests of the Debtor's estate and its creditors because it eliminates the possibility of any protracted litigation with KMJ, eases the administrative burden on this estate, and provides for a recovery for the benefit of the Debtor's estate and its creditors.  The Settlement therefore represents a compromise between the parties that is fair and equitable and in the best interests of the Debtor's estate and its creditors.

## NOTICE

26.    Pursuant to the *Order Establishing Notice and Service Procedures* (Dkt. No. 306), the Motion is being served on the United States Trustee, counsel for KMJ Corbin & Company, counsel for secured creditor Triumph Healthcare Finance, and parties who are required to receive notice under Bankruptcy Rule 2002. All other parties may obtain complete copies of the Motion and Settlement Agreement upon written request to the Trustee.

27.    No prior request for the relief sought herein has been made to any court.

---

[3] The second *Martin* factor (difficulty of collection) does not apparently apply to the consideration of approving the Settlement, and therefore should be weighed neutrally in the analysis.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Settlement and granting such other and further relief as the Court deems just and equitable.

Dated: April 21, 2022
      Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

*/s/ Shannon D. Humiston*
Kate Roggio Buck (No. 5140)
Shannon D. Humiston (No. 5740)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
Facsimile: (302) 984-6399
Email: kbuck@mccarter.com
Email: shumiston@mccarter.com

  - *and* -

Jeffrey T. Testa
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Email: jtesta@mccarter.com

*Attorneys for the Chapter 7 Trustee*

8

ME1 39090564v.1